IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TREVOR KELLEY,<br><br>Plaintiff,<br><br>v.<br><br>PEI WEI ASIAN DINER, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cv-715-DB<br><br>Judge Dee Benson |

This matter is before the Court on Defendant Pei Wei Asian Diner, LLC's (Pei Wei) Motion to Dismiss. [Dkt. 15]. The Motion has been fully briefed. The Court held a hearing on November 29, 2017 at which Plaintiff Trevor Kelley (Mr. Kelley) was represented by Mr. James K. Ord and Pei Wei was represented by Mr. Conrad Kee. The Court took the motion under advisement. Based on the written and oral arguments of the parties and the relevant facts and the law, the Court issues the following Memorandum Decision and Order.

**BACKGROUND**

This case involves alleged violations of the Americans with Disabilities Act (ADA). Mr. Kelley claims that the Pei Wei restaurant located at 10373 South State Street in Sandy, Utah

1

violated the ADA in two ways: (1) the parking signs were installed 57 inches from the ground instead of the minimum required 60 inches; and (2) under-sink piping in the mens' room did not have the required insulation. Mr. Kelly filed this action seeking injunctive relief requiring Pei Wei to comply with the ADA regulations and requesting attorneys' fees, costs and expenses. [Dkt. 2]. Shortly after Mr. Kelley commenced this action, Pei Wei remedied the alleged violations by reconstructing the parking signs so that they are 60 inches from the ground and installing insulation around the under-sink pipes. [Dkt. 15 Exh. H; Dkt. 15-9 Exhs. A & B]. Pei Wei moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction arguing the claim is moot.[1] Pei Wei also seeks sanctions including attorneys' fees.

**LEGAL STANDARD**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, federal courts do not presume jurisdiction, and the party asserting federal jurisdiction bears the burden of proof. *Marcus v. Kansas Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999)(citing *Penteco Corp. Ltd. Partnership - 1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Motions to dismiss for lack of subject matter jurisdiction may take the form of a "facial attack on the complaint's allegations," or "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Holt v. United States*, 46

---

[1] Defendant also argues the action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) on the additional grounds that Plaintiff lacks standing and that he failed to exhaust administrative remedies. Because of the Court's ruling on the issue of subject-matter jurisdiction, it does not address these additional grounds.

F.3d 1000, 1002 (10th Cir. 1995)(citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

**DISCUSSION**

In its motion, Pei Wei asks the Court to view evidence outside of the Complaint to establish that subject-matter jurisdiction does not exist because it has remediated the alleged ADA violations. This evidence includes a declaration from Cynthia Brown, the General Manager at the Sandy, Utah Pei Wei, discussing the remediation of the violations. See Dkt. No. 15 Exh. H. Pei Wei also submitted photographs showing that the violations have been fixed. Dkt. 15-9 Exhs. A & B]. Notably, Pei Wei does not dispute the allegations in the Complaint. Rather, Pei Wei asserts that even if everything in the Complaint were true, the case is moot.

"Generally, Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject-matter jurisdiction questions the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). For a facial attack the court must accept the allegations in the complaint as true. *Id*. For a factual attack "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject-matter jurisdiction depends." *Id*. at 1003. "A district court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*. Viewing such "evidence outside of the pleadings does not convert the motion to a Rule 56 motion." *Id*.

A court, however, is required to convert a 12(b)(1) motion to dismiss to a Rule 56 motion

when the jurisdictional questions are intertwined with the merits of the case. *Id*. "The jurisdictional question is intertwined with the merits of the case if subject-matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id*.

Here, Pei Wei's factual attack on subject-matter jurisdiction is not intertwined with the merits of the case. Pei Wei does not argue that the allegations in the Complaint are untrue. Rather, it argues that assuming all of the allegations in the Complaint are true, there is no longer an ongoing controversy because the alleged violations have been remediated. The Court is therefore able to consider evidence that Pei Wei fixed the violations without converting the motion to a Rule 56 motion. Viewing such evidence is consistent with a number of other courts that have viewed factual evidence outside of the pleadings to determine whether a defendant's voluntary compliance with the ADA rendered the case moot. *See Bacon v. Walgreen Co.*, 91 F.Supp.3d 446 (E.D.N.Y. 2015). Because the jurisdictional issues and the case's merits are not intertwined, it is within the Court's discretion to view the evidence Pei Wei has presented attesting to the remediation of the violations.

## I. MOOTNESS

Kelley brings her claim under Title III of the ADA. 42 U.S.C. § 12182(a). Under Title III of the ADA, a litigant can bring an action only for injunctive relief to compel correction of a non-conforming barrier. *See Rhodes v. S. Nazarene Univ.*, 554 F.App'x 685, 690 (10th Cir. 2014)("Title III . . . provides for only injunctive relief and not compensatory damages."). Pei Wei moves to dismiss the complaint arguing its voluntary compliance rendered the case moot. Mr. Kelley contends that his claim is not moot because Pei Wei cannot meet its burden of

4

proving that the violations are not likely to reoccur.

"A request for prospective relief can be mooted by a defendant's voluntary compliance if the defendant meets the formidable burden of demonstrating that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur. Such a burden will typically be met only by changes that are permanent in nature and that foreclose a reasonable chance of recurrence." *Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004)(internal quotations omitted).

In *Bacon v. Walgreen Co.*, the court addressed the issue of what constitutes a reasonable chance of recurrence after a defendant has voluntarily complied with an alleged ADA violation. 91 F.Supp.3d 446 (E.D.N.Y. 2015). In that case, the plaintiff alleged that Walgreens was in violation of the ADA because the electronic sensors at the front of the store were not wide enough to allow wheelchair access. After the lawsuit was filed, Walgreens fixed the alleged violation and then sought to dismiss the case as moot. The court found that Walgreens' voluntary compliance rendered the case moot because it was not likely that the alleged violation would recur. *Id.* at 452. In making the determination of whether the violation was likely to recur, the court found that the new sensor placement was permanent and that the plaintiff did not offer any evidence that would suggest that Walgreens has a reason to revert back to having narrow sensors. *Id.*

It is undisputed that Pei Wei has remediated the violations, which appear to the Court to be permanent. Mr. Kelley does not offer evidence as to why he believes the violations may reoccur. He offers no reason why Pei Wei would lower the parking signs or remove the sink

5

insulation it just installed.

The Supreme Court has made clear that an "actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S.85, 91 (2013)(internal quotations omitted). Accordingly, if the underlying dispute in a lawsuit is no longer 'live,' the case becomes moot, and the court will no longer have the authority to adjudicate the case. *Id*.

Mr. Kelley's only claim is one for injunctive relief under Title III of the ADA. Because Pei Wei has voluntarily remedied both violations for which Mr. Kelley seeks injunctive relief, the Court finds that this action is moot. Accordingly, Pei Wei's motion to dismiss for lack of subject-matter jurisdiction is hereby GRANTED.

## II. SANCTIONS

In its motion to dismiss, Pei Wei asks the Court to impose sanctions against Mr. Ord and Litigation Management Financial Services (LMFS), an Arizona-based company that Pei Wei alleges is the actual party behind this and the more than 100 similar actions that have been filed in this district by Mr. Ord.

Federal statutory law provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. This is an "extreme standard," and fees should be awarded "only in instances evidencing a serious and standard disregard for the orderly process of justice." *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015)(citations and internal quotation marks omitted).

A court may also sanction a party using its "inherent power." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). In determining whether an inherent-power sanction is appropriate, courts may consider "inconvenience and the waste of judicial resources" caused by the plaintiff. *Mellott v. MSN Commc'ns, Inc.*, 492 F.App'x 887, 889 (10th Cir. 2012).

Until the ADA violations were remedied by Pei Wei, the Court is not persuaded that fees or sanctions in this matter are in order. However, the Court takes a different view beginning at the point where it is undisputed that Pei Wei remedied the violations, which remedies, by their very nature, appear to be permanent. At that point, Mr. Kelley received precisely what he asked for in his Complaint: compliance with the requirements of the ADA regarding the height of parking signs and the insulation of piping in the mens' room. Given the permanence of these remediations and the clarity of the application of the mootness doctrine to such cases in this circuit, it was unnecessary and unreasonable for the plaintiff to vigorously contest the motion with a 31-page memorandum in opposition and at oral argument. *Baca*, 806 F.3d at 1268; *Mellott*, 492 F.App'x 889. And, while this vigorous opposition was occurring, the plaintiff continued to demand a monetary settlement from the defendant before the plaintiff would agree to dismiss the case. To continue to insist on injunctive relief in such circumstances is inconsistent with basic notions of fairness, courtesy and the proper use of the judicial process. Accordingly, the Court finds that the attorneys' fees incurred by Pei Wei to pursue relief under the mootness doctrine should be awarded. It appears that the only reason the plaintiff opposed the motion was to seek a monetary settlement from Pei Wei. A monetary settlement may be appealing to defendants such as Pei Wei because it likely costs them more to pursue a motion to

dismiss than to give in to the plaintiff's settlement demands. Accordingly, the Court awards Pei Wei the amount of attorneys' fees it incurred in filing and pursuing this Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, this action is hereby DISMISSED with prejudice. Counsel for the plaintiff is hereby ORDERED to pay Pei Wei the amount of attorneys' fees it incurred in filing and pursuing its Motion to Dismiss.

IT IS SO ORDERED.

DATED this 7th day of December, 2017.

　　　　　　　　　　　　　　　　　　　　
Dee Benson
United States District Judge